# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ALL ASSETS HELD IN ACCOUNT JW3083094 IN THE NAME OF CARINALLI, S.A. AT JEFFERIES, LLC, *et al.* | No. 25-mc-96-TSC-MJS |

## MEMORANDUM OPINION

The United States applied for a restraining order under 28 U.S.C. § 2467(d)(3) to preserve assets held in U.S. bank accounts in the names of Respondents Sara Silvia Goldring Waisbiot ("Goldring"), her business partners, and her businesses, that may be subject to forfeiture in Uruguayan criminal proceedings. *See* Appl. at 2−4, ECF No. 1. The Uruguayan proceedings involved allegations that Goldring misappropriated and fraudulently managed client accounts and investments through brokerage companies she controlled, resulting in millions of dollars of losses to her clients. *See id.* at 2, 5. In December 2022, a Uruguayan court ordered restraint of assets in several of Respondents' U.S. bank accounts and requested the United States' assistance in enforcing its orders. *See id.* at 2−3. In June 2025, the Attorney General's designee, the Chief of the Money Laundering and Asset Recovery Section, found it in the interest of justice to certify the Uruguayan restraining orders for enforcement. *See id.* at 12; 28 U.S.C. §§ 2467(b)(2), (d)(3)(B)(ii).

The court referred the case to a Magistrate Judge for full case management up to and including issuance of a Report and Recommendation on any dispositive issues. July 23, 2025 Min. Order. The case was assigned to Magistrate Judge Sharbaugh, and on October 6, 2025, he issued a Report and Recommendation recommending that the court grant the Government's Application and enter the requested restraining order. R. & R. at 22, ECF No. 14.

Respondents timely objected to the Report. Objs., ECF No. 16. Having considered the parties' briefing on the Government's application for a restraining order, the Report and Recommendation, Respondents' objections, the Government's response, and the record, the court adopts in full the Report's recommendations.

## I. LEGAL STANDARD

"District courts must apply a *de novo* standard of review when considering objections to, or adoption of, a magistrate judge's Report and Recommendation." *Means v. District of Columbia*, 999 F. Supp. 2d 128, 132 (D.D.C. 2013). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b).

Five criteria must be met for a court to enforce a foreign restraining order: (1) the United States and the foreign government that issued the restraining order must be parties to a formal international agreement providing for mutual forfeiture assistance, 28 U.S.C. § 2467(a)(1); (2) the Attorney General or her designee must certify that it is in the interest of justice to enforce the foreign order, *see id.* § 2467(b)(2); (3) the foreign order must be issued in a manner consistent with due process, *see id.* §§ 2467(d)(1)(A), (d)(3)(A)(ii); (4) the foreign court must have subject matter jurisdiction, *see id.* §§ 2467(d)(1)(C), (d)(3)(A)(ii); and (5) the foreign order must not be fraudulently obtained, *see id.* §§ 2467(d)(1)(E), (d)(3)(A)(ii).

## II. ANALYSIS

Respondents do not challenge the Report's determination that the Government has satisfied the statutory criteria listed above or its rejection of their constitutional claims. *See* R. & R. at 6−9, 20−21. Respondents also omit any challenge to the Report's rejection of a "dual forfeitability" requirement—*i.e.*, that the foreign-law violation must also trigger forfeiture under U.S. law—

under § 2467(d)(3), or its conclusion that even if such a requirement applied, it would be satisfied because the underlying conduct would satisfy the elements of wire and securities fraud. *Id.* at 12−17. Having considered the relevant materials, the court adopts the Report's recommendation as to those issues. Respondents raise two main objections to the Report: they argue "that the Application impermissibly seeks to enforce a foreign restitution order" and "that the government failed to show . . . that the proceeds of a crime can be traced to the Subject Accounts." Objections at 2. Judge Sharbaugh addressed and rejected each argument in his Report, and reviewing them *de novo*, the court concurs with the Report.

First, Respondents argue that the Application impermissibly seeks to enforce a foreign restitution order as opposed to a forfeiture order. Objections at 3. But as the Report notes, and as Respondents concede, Respondents forfeited this argument by raising it for the first time at oral argument before Judge Sharbaugh. *See* R. & R. at 9; Objs. at 19; *U.S. ex rel. Davis v. D.C.*, 793 F.3d 120, 127 (D.C. Cir. 2015). Respondents' contention that they "did not realize it was a distinct argument" until reading portions of "the English translations of Uruguayan Criminal Procedure Code," Objections at 20, does not provide sufficient "explanation, much less exceptional circumstances, to excuse [their] failure to" raise the argument, *Davis*, 793 F.3d at 127. As Judge Sharbaugh explained, "the factual predicate for this point—whether the underlying foreign orders were aimed at restitution or forfeiture—was plainly apparent to Respondents when they filed their brief." R. & R. at 10. Raising the argument in their Objections to the Report does not cure their failure to preserve it before Judge Sharbaugh. *See Taylor v. D.C.*, 205 F. Supp. 3d 75, 89 (D.D.C. 2016) ("[F]ailure to present an argument to the Magistrate Judge constitutes a waiver of that argument."); *Brown v. D.C.*, 324 F. Supp. 3d 154, 159 (D.D.C. 2018) (explaining that "objections cannot 'present new initiatives' that were not put before the magistrate judge" (quoting *Taylor*,

205 F.Supp.3d at 79)); *Bulovic v. Kijakazi*, 2023 WL 8185732, at \*3 (D.D.C. Nov. 27, 2023) (holding argument forfeited when raised for first time in reply brief before Magistrate Judge). Accordingly, the court declines to consider this argument.

Second, Respondents argue that under *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013), the Government must show that the U.S. bank accounts at issue contain the proceeds of a crime. *See* Objs. at 23; Opp'n to Appl. at 22–23, ECF No. 5. In *Luan*, the D.C. Circuit held that a federal court may issue a restraining order under § 2467(d)(3) when, among other requirements, "the property to be restrained represents the suspected proceeds of a 'violation of foreign law.'" *Luan*, 722 F.3d at 392 (quoting 28 U.S.C. § 2467(a)(2)(A)). The court agrees with the Report that reading *Luan* to adopt a traceability requirement "simply reaches too far," especially given that the *Luan* court "did not limit the permissible scope of a restraining order under Section 2467(d)(3) based on traceability to specific assets." R. & R. at 19 n.11; *see* Resp. to Objs. at 24, ECF No. 17 (distinguishing property that "'represents'" the "'suspected proceeds'" from "actual proven criminal proceeds" and arguing that Respondents' U.S. bank accounts "'*represent*[] suspected proceeds' . . . because they are named as the subject assets in the restraining orders entered by the Uruguay Court and are subject to forfeiture under Uruguayan law upon Ms. Goldring's conviction" (emphasis in original) (quoting *Luan*, 722 F.3d at 392)). Respondents' reliance on email correspondence from Jesse Ormsby, a DOJ prosecutor, *see* Objs. at 24; ECF No. 5-23 at 2, merely distracts from the "the salient question," which is "whether *Uruguayan* law permits forfeiture absent tracing, and Respondents present no argument—let alone authority—to suggest that it does not," R. & R. at 18 (emphasis added).

## III.    CONCLUSION

For the reasons stated above, the court ADOPTS the report and ACCEPTS the

recommendations of the Magistrate Judge. ECF No. 14. Accordingly, the court GRANTS the Government's Application. ECF No. 1. A separate restraining order will accompany this Memorandum Opinion.

Date: December 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge